Per Curiam.

At the time the application to amend the permit was filed, Section 547, General Code, was in effect, and provided that “no proceeding to reverse, vacate or modify a final order of the commission shall be deemed commenced unless the notice of appeal is filed within sixty days after the entry of the final order complained of upon the journal of the commission.”
That section later became Section 4903.15, Revised Code (effective October 1, 1953), but was repealed and an analogous section, Section 4903.11, Revised Code, was enacted, effective October 2,1953 (125 Ohio Laws, 274).
Section 4903.10, Revised Code (effective October 2, 1953), provides in part: “If the commission does not grant or deny such application for rehearing within twenty days from the date of filing thereof, it is denied by operation of law.”
Section 4903.11, Revised Code, provides in part that “no proceeding to reverse, vacate, or modify a final order of the Public Utilities Commission is commenced unless the notice of appeal is filed within sixty days after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing. ’ ’
*200 Under the provisions of Section 547, General Code, in effect when the application to amend was filed, the notice of appeal from the order of February 8, 1954, was filed too late.
Under the sections of the Revised Code, supra, the commission not having acted on the application for rehearing (filed March 1, 1954) within 20 days from the date of filing, it was denied by operation of law on March 21,1954, which was more than 60 days from the date of the filing of the notice of appeal.
Since the notice of appeal was not filed within the time prescribed by the provisions of either the General Code or the Revised Code, the motion to dismiss the appeal is sustained.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Stewart and Lamneck, JJ., concur.
Middleton, Taet and Hart, JJ., dissent.